### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FRANK ROSE, MICHAEL ROSE, GUY VENTURATO, and LAWRENCE VENTURATO, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case Number: |
| ROCCERA, LLC, and SYAMEL GHOSH, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Frank Rose ("Frank"), Michael Rose ("Michael"), Guy Venturato ("Guy") and Lawrence Venturato ("Lawrence") (collectively the "Plaintiffs") by and through their attorneys, state the following complaint against defendants RocCera LLC d/b/a RocCera Structural Ceramics ("RocCera") and Syamel Ghosh ("Ghosh") (collectively "Defendants"):

## NATURE OF THE ACTION

1. This action arises out of scheme hatched by RocCera and Ghosh, its controlling member and President, to induce plaintiffs to sell their equity interests in RocCera by making material misrepresentations about RocCera's operations and financial performance, in violation of federal and state securities laws and in furtherance of fraud.

2. The Plaintiffs invested venture capital and contributed sweat equity that nourished RocCera, a start up limited liability company, and ultimately led the company to prosper. Plaintiffs understood that their contributions to RocCera were unlikely to yield an immediate profit, and they were prepared to assume the risk of deferring income on the investment given

the potential upside that their significant equity interests could ultimately become valuable if the company succeeded.

3.   From the time the Plaintiffs invested in RocCera through at least August 11, 2008, the Defendants provided Plaintiffs with optimistic reports concerning the company's successful efforts to design and manufacture a sophisticated product line.  As the company's growth continued, RocCera began proposing various ways to restructure the ownership and purported to unilaterally dilute certain Plaintiffs' ownership interests.

4.   When the Plaintiffs resisted these proposals and requested that RocCera obtain an independent appraisal, RocCera changed its forecast and informed the Plaintiffs that the company was "stagnant" and would remain so unless organized differently.  RocCera coupled that assessment with an ultimatum that unless the Plaintiffs returned all outstanding shares of ownership in exchange for their initial investments, Ghosh would resign thereby liquidating the company and leaving the Plaintiffs with a fraction of their original cash investment.

5.   Roughly three months after bilking the Plaintiffs out of their shares, RocCera announced that final arrangements with a new partner were nearly complete and that a number of positive developments had occurred.  Soon thereafter, RocCera relocated to a larger manufacturing facility, and Ghosh repeatedly rebuffed the Plaintiffs' inquiries regarding the actual status of RocCera's prospects in August of 2008.

## JURISDICTION AND VENUE

6.   The claims alleged herein arise under Section 10(b) of the Securities Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5.

7.   This Court has supplemental jurisdiction over Plaintiffs' statutory and common law claims pursuant to 28 U.S.C. § 1367 because the claims are interrelated with the claims alleged pursuant to Section 10(b) of the Securities Act such that they form part of the same case or controversy under Article III of the United States Constitution.

8.   Venue is proper in this District pursuant to Section 27 of the Securities Act and 28 U.S.C. §1391(b) in that a substantial portion of the events or omissions giving rise to the claims took place in this district.

9.   In connection with the acts, transactions and conduct alleged herein, the Defendants directly or indirectly made use of the means or instrumentalities of interstate commerce, including, but not limited to, the mails and interstate telephone communication.

## PARTIES

10. RocCera is a limited liability company established to manufacture advanced structural ceramic components with a principal business office located at 771 Elmgrove Road, Rochester, New York 14624.

11. Ghosh is a founding member of RocCera and its President.  At all relevant times, Ghosh remained a member of RocCera and controlled its communications with the Plaintiffs. Ghosh exercised his power and influence to cause misrepresentations and/or omissions of material facts regarding RocCera's operations, financial position and projected financial performance to be made in documents furnished to Plaintiffs and in representations to Plaintiffs.

12. Frank is an individual and resident of the State of New York.  In 2006, Frank acquired a membership interest in RocCera by investing $10,000.00 and ultimately acquired a membership interest totaling no less than 9%.

13. Michael is an individual and resident of the State of New York. In 2006, Michael acquired a membership interest in RocCera by investing $10,000.00 and ultimately acquired a membership interest totaling no less than 5%.

14. Guy is an individual and resident of the State of Illinois. In 2006, Guy acquired a membership interest in RocCera totaling no less than 2% by investing $20,000.00.

15. Lawrence is an individual and resident of the State of Texas. In 2006, Lawrence acquired a membership interest in RocCera totaling no less than 3% by investing $30,000.00.

## BACKGROUND FACTS

### A. Ghosh Helps Develop Structural Ceramics Processes at Kodak

16. Prior to founding RocCera, Ghosh was an Eastman Kodak Company ("Kodak") employee who assisted in creating a structural ceramic research and development program at the company. The program eventually led Kodak to support a structural ceramic manufacturing facility that produced products for Kodak's manufacturing operations.

17. On information and belief, Kodak limited its support of the in-house structural ceramics program and entered into an agreement with Ghosh concerning the exploitation of certain intellectual property Kodak gained during the course of Ghosh's employment.

### B. Formation of RocCera

18. Upon the formation of RocCera, Ghosh personally managed RocCera's operations, oversaw its finances and sought out investors to nourish the enterprise. Ghosh touted his experience at Kodak and the equipment and intellectual property he would be able to make use of when soliciting investors on behalf of RocCera.

4

19. The Plaintiffs invested varying amounts of capital in RocCera understanding that their membership interests in the company were not be subject to dilution and that RocCera would operate in accordance with all applicable law governing the operation of limited liability companies.

### C. Ghosh Proposes that the Company Restructure its Ownership Structure and Encounters Resistance from the Plaintiffs

20. On April 10, 2008, Ghosh send an electronic mail message to the Plaintiffs stating that RocCera had "made significant progress in certain areas and our sales revenue increased substantially," emphasizing that "[w]e need to make some serious and smart business decisions now so that our company can group and prosper." (The Announcement is attached as Exhibit A to this Complaint.)

21. Ghosh then listed a series of "future activities" that RocCera would be undertaking including, but not limited to, the following: (i) the renaming of the company; (ii) inviting some investors to assist with the purchase of equipment; (iii) the launch of two products that had been "developed and field-tested"; (iv) receiving an "NYSERDA (New York State Energy Research and Development Authority) grant for $400 K over two years." (*See* Ex. A.)

22. The notification to the Plaintiffs concluded as follows:

> In order to facilitate future growth, we may need to reformulate the ownership structure of our company or convert it into a well-defined legal entity. We expect ownership interest to be reflected in terms of "units" or "shares." We will work with our business attorney to determine the best way to make this change. We will make sure that an equitable distribution of units or shares is made to each one of us. Each partner/investor will have a buy/sell option. We will notify you as soon as the final decision is made.

(*See* Ex. A.)

23. Plaintiff Lawrence responded on April 13, 2008 with a series of questions regarding the Announcement and insisted that the interests he and his brother Guy had acquired not be diluted in any reorganization. Lawrence also requested that RocCera consult with professionals in order to obtain an independent valuation of the company. After roughly three months passed without a response, Lawrence again wrote to Ghosh again and reiterated that RocCera should be independently valued and that any dealings with outside investors should not dilute the interests of the then-current RocCera members.

24. RocCera responded on July 10, 2008 that "[n]othing has changed since [Ghosh] communicated with [the Plaintiffs] on April 10, 2008. I am not looking for investment from an angel inve[s]tor. I will get back to you both soon with answers to your specific inquiries."

**D. Ghosh Represents that RocCera is Unlikely to Survive and Issues an Ultimatum**

25. The next communication from RocCera occurred on August 11, 2008 with Ghosh reminding the Plaintiffs that "I mentioned that we were thinking about reorganizing Roccera and this letter to all the investors is intended to convey the final decision about the company." (*See* the Second Announcement attached as Exhibit B.)

26. The Second Announcement then included the following false statements regarding the condition of RocCera and its future prospects:

  a. "I feel that Roccera is now stagnant and there is little hope for future growth with the present organization";

  b. "It is impossible to grow under the existing framework of organization and lack of adequate capital to run the day-to-day business and future growth";

6

    c. "Our financial situation is not very healthy. We have almost exhausted our $50,000 line of credit, we have a $25,000 SBA loan and we have a personal loan of $35,000. Our cash flow is in dismal condition";

    d. "We are still waiting for the NYSERDA grant, which will require dollar for dollar matching contribution"; and,

    e. "I cannot continue to work under the present circumstances because I do not see any future prospect for the company or myself."

27. RocCera coupled this dire outlook with an ultimatum:

If I can obtain enough money, I would like to enable Roccera to pay each investor the same amount that the investor paid to purchase their interest. In order to accomplish this, Roccera is offering to return each of you the original cash investment. Harald and David Juergens will be offered the cash equivalent of the rent for the last two years.

This is an all or none offer. Roccera needs each one of you to turn in all outstanding shares of ownership for your initial cash investment. **If this is not agreeable to all investors, with any exception, I will resign from Roccera as of September 15, 2008. This will result in liquidation of the company and most or all cash investors will end up with a fraction of the original cash investment.**

(*See* Ex. B, *emphasis supplied*.)

### E.    The Plaintiffs Execute Agreements to "Transfer Units"

28. Based on RocCera's misrepresentations and/or omissions of material facts, the Plaintiffs executed four separate documents all entitled "Agreement to Transfer Units" and sent them to RocCera in August of 2008.

29. All of the agreements provided that the Plaintiffs transferred and assigned to RocCera their respective ownership interest for "receipt of payment" of a sum "paid by or on behalf of Roccera LLC…" specified for each Plaintiff.

### F. **The Outlook Changes Once the Plaintiffs Return the Transfer Agreements**

30. On November 24, 2008, approximately three months after forecasting the demise of RocCera and before returning any of the Plaintiffs' cash, RocCera communicated the following information relating to the company's future: an unnamed "investor/business partner" had executed certain "legal documents" necessary to completing a "financial transaction"; it had been "awarded another NYSERDA grant"; its "prospects for new business look very good"; and, it anticipated moving to a new location shortly.

31. Despite repeated requests, the Defendants have failed to provide any information to the Plaintiffs such that they could determine the value of RocCera or the value of their respective interests in RocCera at the time of the fraudulently induced transfers.

### COUNT I – SECURITIES FRAUD
### (Violations of Section 10(b) of the Securities Act and Rule10b-5)

32. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as though fully set forth herein.

33. The membership interests originally sold by the Defendants and eventually purchased from Plaintiffs by Defendants are securities under the federal and state securities laws.

34. Defendants repeatedly violated Section 10(b) of the Securities Act and Rule 10b-5 by making untrue statements of material fact, omitting to state other facts necessary to make their statements not misleading, and failing to disclose material facts regarding RocCera's business prospects for the purpose of inducing Plaintiffs to sell their interests in the company.

8

35. By virtue of his controlling interest in RocCera and his role as the acting President of RocCera, Ghosh had actual knowledge of the material false and misleading statements and material omissions alleged herein and intended to deceive Plaintiffs or, in the alternative, acted in reckless disregard for the truth in that he failed or refused to ascertain facts that would reveal the materially false and misleading nature of the statement made to Plaintiffs, although such facts were readily available.

36. Defendants engaged in this fraudulent and deceptive conduct to induce Plaintiffs to sell their interests in the limited liability company.

37. Plaintiffs reasonably relied on the false and misleading statements published or caused to be published by Defendants in selling their interests.

38. But for the Defendants' false and misleading statements and fraudulent concealment of the true purposes for which the units were being purchased, Plaintiffs would not have sold their interests.

39. As a direct and proximate result of Defendants' false and misleading statements and fraudulent concealment, Plaintiffs sold their interests and have been damaged as a result of those sales.

WHEREFORE, Plaintiffs respectfully requests that a judgment be entered in their favor and against RocCera and Ghosh, jointly and severally, awarding them:

A.  Actual damages suffered as a result of the Defendants' fraudulently induced purchase of their interests, plus prejudgment and post judgment interest;

B.  Attorneys fees and costs incurred in this action; and,

C.  Any other relief this Court deems proper.

## COUNT II – FRAUDULENT CONCEALMENT/
## NEGLIGENT MISREPRESENTATION

40. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 39 as though fully set forth herein.

41. Ghosh, both individually and in his capacity as a managing member of RocCera, concealed material facts regarding the condition of RocCera including, but not limited to, the fact that its business was not on the verge of collapse and was attracting outside investors.

42. Concealment of these facts was intended to induce a false belief on the Plaintiffs' part that RocCera could not be sustained and was on the verge of an imminent collapse.

43. As a fiduciary to the Plaintiff, Ghosh carried an inviolate duty to disclose all material facts of which he became aware that might affect RocCera.

44. Plaintiffs had no knowledge of these facts and could not have discovered the truth through a reasonable inquiry or inspection.

45. Plaintiffs relied upon Ghosh's silence as a representation that these facts did not exist.

46. Had the Plaintiffs been made aware of the potentially positive developments, they would have viewed the offer to return their respective investment capital in exchange for their equity stakes in the company more critically and not completed the exchange.

47. Instead, as a result of their reliance on Ghosh's concealment of material facts affecting RocCera, the Plaintiffs agreed to sell their respective interests for the cash initially invested in RocCera, leading to their respective injuries.

WHEREFORE, Plaintiffs respectfully requests that a judgment be entered in their favor and against RocCera and Ghosh, jointly and severally, awarding them:

A.  Actual damages suffered as a result of the Defendants' fraudulently induced purchase of their interests, plus prejudgment and post judgment interest;

B.  Attorneys fees and costs incurred in this action; and,

C.  Any other relief this Court deems proper.

## COUNT III -- UNJUST ENRICHMENT

48. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

49. RocCera and Ghosh have unjustly retained the benefit of the Plaintiffs' respective equity interests in the company without paying the Plaintiffs' the fair value for these interests.

50. The retention of that benefit violates fundamental principals of justice equity and good conscience.

WHEREFORE, Plaintiffs respectfully requests that a judgment be entered in their favor and against Ghosh and RocCera, jointly and severally, awarding them:

A.  The fair value of their respective interests in RocCera; and/or,

B.  The appointment of a receiver to oversee the winding up and liquidation of RocCera;

C.  Attorneys fees and costs incurred in this action; and,

D.  Any other relief this Court deems proper.

## COUNT IV – COMMON LAW FRAUD

51. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 50 as though fully set forth herein.

52. Ghosh, both individually and in his capacity as the managing member of RocCera, falsely stated to the Plaintiffs that RocCera was "stagnant" and would remain so unless organized

differently. Ghosh further stated that his resignation would liquidate RocCera and leave the Plaintiffs with a fraction of their original cash investment.

53. Ghosh knew that this statement was false at the time he made it but did so intending to induce the Plaintiffs to relinquish their respective interests in RocCera.

54. Plaintiffs relied on the truth of Ghosh's statements to their detriment and agreed to execute the transfer agreements, purportedly extinguishing their respective interests in RocCera.

55. This purported relinquishment of Plaintiffs' respective interests has damaged Plaintiffs as they have not been able to obtain the fair value of their interests, either in the form of a cash payout following an accounting or in a rescission of the fraudulent induced sale.

WHEREFORE, Plaintiffs respectfully requests that a judgment be entered in their favor and against RocCera and Ghosh, jointly and severally, awarding them:

A. Actual damages suffered as a result of the Defendants' fraudulently induced purchase of their interests, plus prejudgment and post judgment interest;

B. Attorneys fees and costs incurred in this action; and,

C. Any other relief this Court deems proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues for which he is entitled to a jury trial.

> FRANK ROSE, MICHAEL ROSE,
> GUY VENTURATO, and
> LAWRENCE VENTURATO
>
> /s/ Stephen J. Rosenfeld
> By: One of their Attorneys

Stephen J. Rosenfeld (ARDC #6216769)
John D. Fitzpatrick (ARDC #6277475)
MANDELL MENKES LLC
333 West Wacker Drive, Suite 300

Chicago, Illinois 60606
Telephone: (312) 251-1000
177478v2